AMERICAN TRADING CO., APPELLANT, *v.* MONSERRAT, RESPONDENT.

APPEAL from the District Court of Ponce.

No. 860.—Decided June 28, 1913.

SUMMARY FORECLOSURE PROCEEDINGS—ACTION FOR ANNULMENT OF PROCEEDINGS—JURISDICTION.—According to article 175 of the Regulations for the execution

of the Mortgage Law, an action may be maintained for the annulment of summary foreclosure proceedings and under section 76 of the Code of Civil Procedure any district court, in accordance with its jurisdiction, shall have cognizance of said action when the parties may have agreed expressly or impliedly to submit the suit to the decision of the same.

ID.—ACTION FOR ANNULMENT OF PROCEEDINGS—MORTGAGE PAYABLE IN INSTAL-MENTS—PROMISSORY NOTES PAYABLE TO ORDER—PARTIAL PAYMENT OF MORT-GAGE—CONCURRENT PROMISSORY NOTES.—In this case a mortgage was created on several rural properties payable in ten instalments and a promissory note payable to the order of the creditor was made for each instalment. The plaintiff, being the holder of note No. 3, which was due and not paid, brought thereon the summary foreclosure proceedings provided for by the Mortgage Law and six of the mortgaged properties were adjudicated to it, but the general lien on said properties was not canceled in the registry. Matters standing thus, the defendant, alleging that he was the holder of note No. 5, instituted the same proceedings as had been followed by the plaintiff and directed the same against the properties adjudicated to the plaintiff, basing his claim on the fact that the mortgage created on said properties was not canceled. Thereupon the plaintiff brought this action for the annulment of the summary proceedings prosecuted by the defendant. *It was held:*

1. That the debt acknowledged in promissory note No. 3 being due and unpaid, the plaintiff could recover the amount in an action against the mortgaged properties, but taking into account the fact that said properties secured other like credits as well as that of the plaintiff because they all emanated from one single mortgage, the plaintiff, in having said properties adjudicated to it in part payment of its credit, acquired only the proportional part of the proceeds of the sale which said credit represented, the properties remaining encumbered to secure the proportional parts corresponding to the other creditors.

2. That applying this principle to the defendant also, the conclusion is reached that he has no right to recover his entire credit out of the properties acquired by the plaintiff, but only his proportional share of the proceeds of the sale.

The facts are stated in the opinion.

*Messrs. Felipe Casalduc* and *Edward S. Paine* for appellant.

*Mr. Alfredo Arnaldo* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The American Trading Company filed a complaint in the District Court of Ponce against Damián Monserrat Suro praying for the nullity of certain foreclosure proceedings brought by Monserrat in the District Court of Mayagüez and for the cancellation of a mortgage credit recorded in the Registry of Property of Mayagüez.

The defendant filed a motion for a change of venue but

later withdrew the same, submitted to the jurisdiction of the court and demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court decided that the complaint stated facts sufficient to support the prayer for cancellation, but held that the court lacked jurisdiction to decree the nullity of the foreclosure proceedings.

On motion of the defendant the decision of the court was entered as a judgment on February 12, 1912. By its judgment the district court dismissed that part of the complaint as regards the nullity of the foreclosure proceedings and sustained it as to the cancellation of the mortgage credit. From that part of the judgment relative to the nullity of the foreclosure proceedings the plaintiff, The American Trading Company, took the present appeal. We are required, then, to consider and decide in this appeal only whether the District Court of Ponce had jurisdiction to decree the nullity of the proceedings prayed for by the plaintiff and, if it had, to render the judgment which the district court should have rendered in accordance with section 306 of the Code of Civil Procedure as amended in 1906. Acts of 1906, p. 163.

The grounds upon which the District Court of Ponce relied in holding that it lacked jurisdiction may be summarized as follows: That today no right of action exists for the nullity of proceedings; that such right of action only existed previously as incidental to the principal complaint; that the review and correction of a judgment can be obtained only by appeal or *certiorari* or by a motion presented directly to the same court before which the proceedings are being pursued; that a case might arise in which a debtor could bring an action to annul an adjudication made in foreclosure proceedings and, when the defects in said proceedings were of such a nature as to justify said action, allege such grounds and pray that the proceedings be annulled, but never in a case like the present where it is sought to annul proceedings which are still pending, because the decision rendered in such a

case, if the action were sustained, would be entirely ineffective as the District Court of Ponce has no power to order the quashing of proceedings in the District court of Mayagüez.

Let us see whether the district court or the appellant, The American Trading Company, is in the right.

After providing as the general rule that summary foreclosure proceedings cannot be stayed by means of proceedings incidental to the main proceedings and establishing the exceptions to said rule, article 175 of the Regulations for the execution of the Mortgage Law says:

"All other actions that may be brought, by the debtor as well as by the third parties in interest, and other interested persons, including those regarding the nullity of the title or of the proceedings, or regarding the lapse, constitution, extinction, or amount of the debt, shall· be discussed in the proper final trial, without ever causing a stay of the summary action for possession or avoiding them. The competency to take cognizance of this declaratory suit shall be determined by the usual rules."

Among other things the statutory provisions quoted decide: 1, that an action may be brought to annul the summary foreclosure proceedings authorized by the Mortgage Law and its Regulations; and 2, that the jurisdiction in said action shall be decided by the usual rules.

The present action being one to annul foreclosure proceedings, the District Court of Ponce being a court of general jurisdiction and both parties having submitted themselves to the jurisdiction of said court, we are of the opinion that the usual rule applicable to the case is the one contained in section 76 of the Code of Civil Procedure, which reads as follows:

"In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties may have agreed to submit the suit to decision of court."

Applying that rule to this particular case, we must conclude that the District Court of Ponce had jurisdiction to

decide and should have decided the question of the nullity of the foreclosure proceedings being prosecuted in the District Court of Mayagüez. In case the action had been sustained, its judgment certainly would not have had the effect of a mandate to the District Court of Mayagüez, but it would have been binding upon the parties submitted to its jurisdiction.

Let us see whether from the facts alleged in the complaint the nullity prayed for by The American Trading Company results as an inevitable consequence.

About the year 1900 several properties were mortgaged to secure the sum of 130,000 *pesos*. The debtor bound himself to pay this sum in 10 annual instalments of 13,000 *pesos* each and executed a promissory note payable to the order of the creditor for each instalment. The following is an extract from each promissory note: "* * *. As security for the foregoing obligation and for others amounting in the aggregate to 130,000 provincial *pesos* with interest thereon at six per cent per annum, I have mortgaged in favor of the said party twenty rural properties * * * as set forth in greater detail in the mortgage executed on this same day before the notary of this city * * *." The promissory notes were numbered one to ten. Numbers one and two were paid and the liens they represented on some of the mortgaged properties were canceled. When note number three matured and the amount thereof was not paid, its owner, the defendant The American Trading Company, brought summary foreclosure proceedings against the mortgaged property. The proceedings established by the Mortgage Law having been followed, six of the mortgaged properties were adjudicated to the plaintiff in part payment of its credit, but the general lien on said properties was not canceled in the registry of property.

At this stage Damián Monserrat Suro, alleging that he was the owner and holder of promissory note number five, brought an action to recover in accordance with the provisions of the Mortgage Law and, relying upon the fact that the

liens on the properties acquired by the plaintiff were still in force in the registry, directed his claim against said properties of the plaintiff.

In accordance with the terms of the contract, with the law and with jurisprudence, it is evident that its debt having become due and remaining unpaid, The American Trading Company had the right to recover the same, as it did, by foreclosing the mortgage on the property securing said debt. However, this property secured other debts jointly with the credit of The American Trading Company and the said company was not entitled to acquire as it did the total proceeds of its sale, but only its corresponding proportional part, said property remaining encumbered as security for the proportional parts of the other creditors. See the decision of this court in appeal No. 840, *The American Trading Company v. Damián Monserrat Suro,* ante p. 929, and the decision of the Supreme Court of the United States in the case of *Lovell* v. *Cragin,* 136 U. S., 130.

The fact that the six mortgaged properties were adjudicated to The American Trading Company does not change the nature of the liability. It is the same as if any other person had attended the public sale of said properties and had paid $10,000 for them. In such a case only its proportional part of the $10,000 would have been paid over to The American Trading Company and the balance would have been delivered or held for delivery to the other creditors. From the time of the sale the rights of the said other creditors are limited to their proportional parts of the proceeds of the sale, the property remaining encumbered only to secure the payment of such proportional parts.

This being the case, we must conclude that the basis of the mortgage proceedings instituted by Damián Monserrat Suro and by which he seeks to recover the total amount of promissory note number five of which he alleges he is the owner and holder, from the properties acquired by the plaintiff instead of his proportional part of the proceeds of the

sale of said properties, is untenable and therefore cannot serve as a ground for a proper legal proceeding.

That part of the judgment appealed from should be reversed and the said summary foreclosure proceedings declared null and void.

> *Reversed and judgment rendered declaring null and void the foreclosure proceedings attacked in this action.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in the decision of this case.